IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-09-0424-02 |
| | § | |
| DORIS NGOZI VINITSKI | § | (Civil Action No. H-12-1554) |

## MEMORANDUM AND ORDER

This case is before the Court on Defendant Doris Ngozi Vinitski's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [Doc. # 1064]. The Court has carefully reviewed all pertinent matters in this criminal case. Based on this review, the Court's clear recollection of the relevant proceedings, and the application of governing legal authorities, Vinitski's pending motion is denied and the corresponding civil action (H-12-1554) is dismissed for reasons set forth below.

**I.   BACKGROUND**

A federal grand jury in this district returned an indictment against Vinitski and twelve other defendants charging them with Medicare fraud in connection with the provision of durable medical equipment. On April 28, 2010, Vinitski entered a plea of guilty pursuant to a written plea agreement to one count of conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349.

On February 25, 2011, Vinitski sent the Court a letter [Doc. # 871] advising that she had withdrawn her guilty plea. The Court entered a briefing and hearing schedule for a formal motion to withdraw the guilty plea. Vinitski, through counsel, filed the Motion to Withdraw Guilty Plea [Doc. # 976] on April 7, 2011. Following a hearing on the motion on April 12, 2011, the Court applied the seven-part test discussed in *United States v. Medoza-Mata*, 322 F.3d 829 (5th Cir. 2003). The Court concluded not only that Vinitski was not innocent of the conspiracy charge as a factual matter, but that Vinitski did not genuinely claim innocence as to that charge. The Court concluded from the overwhelming evidence, including Vinitski's statements under oath at the rearraignment proceeding, that the guilty plea was knowing and voluntary. The Court denied both the *pro se* letter motion and the formal motion to withdraw the guilty plea. *See* Hearing Minutes and Order [Doc. # 1010].

Prior to sentencing, the Court considered the Presentence Report (a "PSR") prepared by the probation office, Vinitski's Letter Regarding Responsibility [Doc. # 1020], and all other matters of record. The Court, in the exercise of its discretion, sentenced Vinitski to serve 84 months in the custody of the Bureau of Prisons. Understanding that she had waived her right to an appeal, Vinitski did not pursue a direct appeal from the conviction and sentence. *See, e.g.,* § 2255 Motion, ¶ 12, Ground One, (b)(2).

Vinitski has now filed a motion for relief from her sentence under 28 U.S.C. § 2255 [Doc. # 1064]. Vinitski claims that she received ineffective assistance of counsel when her attorney failed to request *Brady* material, failed to raise and present a duress defense,[1] and failed to request a downward departure. Vinitski claims also that the prosecutor failed to disclose *Brady* material. After considering the entire record, the Court concludes that Vinitski's motion must be dismissed in accordance with the waiver of collateral review contained in the Plea Agreement.

## II.   DISCUSSION

### A.   Standard for Enforcing Waiver of Right to Collateral Review

A criminal defendant may waive the right to appeal and collateral review, so long as the waiver is knowing and voluntary. *See United States v. White*, 307 F.3d 336, 339 (5th Cir. 2002); *see also United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005) (waiver of right to appeal). An "informed and voluntary waiver of the right to file a 28 U.S.C. § 2255 motion will be enforced." *White*, 307 F.3d at 341 (citing *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994)). A waiver is enforced against an ineffective assistance of counsel claim unless the claimed ineffective assistance directly affected the validity of the waiver or of the plea itself. *Id.* at 343.

---

[1] Vinitski raises the "duress defense" argument in Ground Three as an ineffective assistance of counsel claim and again in Ground Five as a conflict of interest claim.

If, however, the plea and waiver were knowing and voluntary, and the waiver clearly covers § 2255 motions, the waiver can be enforced. *Id.* at 343-44.

### B. Plea Agreement

The pending motion must be dismissed because, pursuant to the written plea agreement in this case, Vinitski expressly waived the right to challenge her conviction and sentence collaterally under 28 U.S.C. § 2255 [Doc. # 456, *Plea Agreement*, at ¶ 18]. The waiver refers specifically to relief under § 2255 and states that Vinitski "knowingly waives" her right to seek § 2255 relief. The Plea Agreement is signed by Vinitski, and was discussed with her at the time of her rearraignment. The Plea Agreement includes an acknowledgment that "no threats have been made against the defendant and that the defendant is pleading guilty freely and voluntarily because the defendant is guilty." *See id.*, ¶ 34. It is well settled that an informed and voluntary waiver of post-conviction relief under 28 U.S.C. § 2255 "is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

### C. Rearraignment Proceeding

The transcript of Vinitski's guilty plea confirms that she understood the charge against her, understood that she was entering a plea of guilty to the conspiracy charge, and understood that she was waiving her right to collateral review. At the beginning of the plea proceeding, Vinitski was placed under oath and advised that she needed

to tell "the whole truth." *See* Rearraignment Transcript [Doc. # 537], p. 3. The Court instructed Vinitski to let her know if she was "confused in any way" and Vinitski agreed to do so. *See id.* at 4. Vinitski responded that she understood that her lawyer was available to answer any questions or to talk with her at any time she wanted. Indeed, the Court encouraged Vinitski to talk with her lawyer if "any questions or concerns" came into Vinitski's mind. *See id.*

Vinitski told the Court under oath that she could read English without any difficulty and that she had read the Indictment and the Superseding Indictment. *See id.* at 5. Vinitski understood the charge against her and told the Court that she was charged with "conspiracy to commit Medicare fraud." *Id.* Vinitski understood that she was present in the courtroom to decide whether she wanted to plead guilty under the written Plea Agreement. *See id.* at 7. Vinitski stated under oath that she was satisfied with her lawyer, that she had had enough time to talk with him, and that she would ask him any questions she thought of during the proceeding. *See id.* at 8. The Court found that Vinitski was seeking to enter a guilty plea "knowingly, voluntarily, intelligently, and with the advice of her lawyer." *Id.* at 9.

The Court then explained to Vinitski the rights she would give up if she entered a plea of guilty. The Court specifically advised Vinitski that she had the right to "see documents, possibly in addition to what you've already seen" but would give up that

right if she entered the guilty plea. *See id.* at 12. The Court advised Vinitski that she would give up the right to challenge non-jurisdictional defects in the prosecution and would not be able to complain about them if she pled guilty. *See id.* at 14-15.

The Court carefully and clearly explained the conspiracy charge. Vinitski stated under oath that she had read the Plea Agreement and had discussed it with her lawyer. *See id.* at 17. Vinitski stated under oath that she had discussed the factual proffer with her lawyer and had "gone through it last week." *See id.* at 17-18. At that point the prosecutor described what the government would prove at trial against Vinitski. Vinitski stated under oath that she did not disagree with anything stated by the prosecutor. *See id.* at 21. Vinitski stated under oath that she "gained full participation in the company" and "took over the company" in 2007. *Id.* at 21-22. Vinitski stated under oath that the "fraud happened when we established a relationship for [a co-defendant] to be submitting claim on behalf of Onward Medical." *Id.* at 28. Vinitski repeated that she did not disagree with anything in the factual proffer. *Id.* at 33.

The Court explained to Vinitski the sentencing procedure and the maximum punishment, including imprisonment, fine, supervised release, and special assessment. *See id.* at 37-39. The Court also explained to Vinitski that she could be subject to an

order of restitution. *See id.* at 37-38. Vinitski stated to the Court under oath that she understood. *See id.* at 38, 39.

Vinitski again told the Court under oath that she had read the entire Plea Agreement and had discussed it with her lawyer. *See id.* at 39. The Court explained to Vinitski that the Plea Agreement was a written contract. *See id.* at 40. The prosecutor described the terms of the Plea Agreement, mentioning specifically that Vinitski was waiving her right to appeal and to collateral review. *Id.* at 41-42. The Court also explained to Vinitski that she was waiving her right of appeal or collateral attack. *See id.* at 51-52. The Court advised Vinitski that if she signed the Plea Agreement "[t]here are no appeals and no coming back to have it changed, no 2255s or motion to vacate or collateral attack or habeases[,]" and Vinitski told the Court under oath that she understood. *Id.* at 52.

After fully explaining to Vinitski the charges against her, the factual proffer, the Plea Agreement including the waiver of collateral review, and the rights Vinitski would give up if she entered a plea of guilty, the Court asked Vinitski if she was "still interested in entering a plea of guilty" and Vinitski said that she was. *Id.* at 55. Vinitski pled guilty to the conspiracy count in the Superseding Indictment. *Id.* at 55-56.

Vinitski told the Court under oath that everything she said during the plea proceeding had been "completely true," that she understood the Court's explanations, that she had been paying attention, and that she had no questions. *See id.* at 56-57. Vinitski told the Court under oath that she was pleading guilty freely and voluntarily, and that she was ready to sign the written Plea Agreement. *See id.* at 57. Vinitski then signed the Plea Agreement in the Court's presence. *See id.* at 58.

The Court found that the plea was supported by facts establishing all the elements of the conspiracy charge, and that Vinitski intended to do the acts that she committed. *See id.* The Court found that Vinitski's "plea of guilty is voluntarily, freely, and knowingly made" and that Vinitski understood the consequences of her guilty plea. *See id.* The Court found that the plea was an informed one and accepted Vinitski's plea of guilty. *See id.*

Vinitski's sworn statements made in open court, particularly during a plea colloquy, are entitled to a strong presumption of truthfulness. *See United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002). Those statements establish clearly that Vinitski's plea was knowing and voluntary and that she understood fully that she was waiving her right to seek collateral relief under § 2255.

### D.     Motion to Withdraw Guilty Plea

The Court previously considered a challenge by Vinitski to the voluntariness of her guilty plea and, following a hearing, the Court rejected the challenge and denied the Motion to Withdraw Guilty Plea. The Court noted that Vinitski was given the opportunity to ask questions during the plea if there was anything she did not understand. The Court stated at the conclusion of the hearing that it was "positive" Vinitski understood exactly what she was doing and had wanted to enter the guilty plea. The Court recognized that Vinitski disagreed with some collateral allegations (which Vinitski stated without hesitation during the plea), but noted that Vinitski agreed that she had entered into a conspiracy to commit health care fraud. The Court found that Vinitski was guilty of and intended to plead guilty to the conspiracy charge. The Court found no basis for the withdrawal of the plea and reminded Vinitski that the Plea Agreement included a waiver of her right to appeal and to seek collateral review.

### E.  Acceptance of Responsibility

During the hearing on the Motion to Withdraw Guilty Plea, the Court stated that Vinitski could lose the sentencing credit for acceptance of responsibility if she did not meaningfully acknowledge her guilt for the conspiracy. Subsequently, Vinitski signed a Letter Regarding Responsibility [Doc. # 1020] accepting responsibility for the

conspiracy and detailing her involvement, including how she benefitted from the fraud.

### F.      Conclusion Regarding Waiver of Right to Collateral Review

The Court has reviewed Vinitski's pleadings and finds no allegation that the waiver of collateral review itself was tainted by any alleged ineffective assistance of counsel. Indeed, Vinitski states in the § 2255 Motion that she did not pursue a direct appeal because she had waived her right to appeal. The Court previously held that the Vinitski's guilty plea was knowing and voluntary, that she had counsel available prior to entering the plea, and that she understood the waiver of her right to collateral review. Vinitski does not allege facts in the current § 2255 Motion that cast doubt on the validity of the Plea Agreement, of the guilty plea itself, or of the waiver of collateral review. Having reviewed the full record and with a clear recollection of the relevant proceedings, the Court finds without any doubt that the guilty plea and the included waiver of the right to collateral attack were knowing and voluntary. The Court concludes, therefore, that Vinitski's claims are foreclosed by the waiver in the written Plea Agreement.

## III.    CERTIFICATE OF APPEALABILITY

The defendant's post-judgment motion for relief from his conviction and sentence is governed by the Antiterrorism and Effective Death Penalty Act (the

"AEDPA"), codified as amended at 28 U.S.C. § 2253. Therefore, a certificate of appealability is required before an appeal may proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).

A certificate of appealability will not issue unless the movant makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a movant to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a movant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the movant must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without

requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court concludes that jurists of reason would not debate whether any Vinitski knowingly and voluntarily waived her right to pursue collateral relief from her conviction and sentence. Accordingly, a certificate of appealability will not issue.

## IV. CONCLUSION AND ORDER

For all of the foregoing reasons, it is hereby **ORDERED** that Vinitski's motion for relief under 28 U.S.C. § 2255 [Doc. # 1064] is **DENIED** and the corresponding civil action H-12-1554 is **DISMISSED** with prejudice. It is further

**ORDERED** that Vinitski's Motion for Free Transcript [Doc. # 1067] and Motion for Appointment of Counsel [Doc. # 1068] are **DENIED**. It is further

**ORDERED** that a certificate of appealability is **DENIED**.

The Clerk's Office will provide a copy of this order to the parties and will file a copy of this order in Civil Action No. H-12-1554.

SIGNED at Houston, Texas, this 5th day of **June, 2012**.

Nancy F. Atlas
United States District Judge